# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3076 | DATE | 6/30/2004 |
| CASE TITLE | Brdecka vs. Gleaner Life Insurance Society | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for sanctions is granted. Defendant is granted a total of $1,211.70 in attorneys' fees and costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 59 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 JUN 31 AM 7:33 | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BRDECKA, | ) |
| Plaintiff, | ) No. 02 C 3076 |
| v. | ) Judge John W. Darrah |
| GLEANER LIFE INSURANCE SOCIETY, | ) |
| Defendant. | ) |

DOCKETED
JUL 0 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Brdecka, filed suit in the Circuit Court of Cook County, Illinois, against Defendant, Gleaner Life Insurance Society ("Gleaner"), alleging counts of intentional misrepresentation (Counts I and II), requests for an accounting (Counts III and IV), and interference with prospective economic advantage (Counts V and VI). The suit was then removed to the United States District Court for the Northern District of Illinois. Presently before the Court is Defendant's Motion for Sanctions pursuant to 28 U.S.C. § 1927.

### BACKGROUND

At the parties' February 10, 2004 initial settlement conference, the Court ordered Plaintiff to provide Gleaner with Plaintiff's revised damage analysis on March 31, 2004, which was 14 days before the parties' next scheduled April 14, 2004 settlement conference. Plaintiff took Joseph Burnett's deposition on March 11, 2004, regarding the computation and calculation of damages. Plaintiff contends that the deposition was not as informative as he had hoped on the issue of damages. Plaintiff did not provide Gleaner with a revised damage analysis by March 31, 2004. Gleaner did not receive such a report until the morning of April 14, 2004, which was the same day as the settlement conference. Michael Wade, Gleaner's President, who lived in Michigan, attended

the settlement conference in Chicago.

Gleaner argues that Plaintiff's counsel showed bad faith by failing to adhere to the Court's orders regarding the settlement conference, making the settlement conference ineffectual. Gleaner seeks $1,211.70 in attorneys' fees and travel costs in preparing for and attending the settlement conference.

Pursuant to 28 U.S.C. § 1927, an attorney who multiplies the proceedings in any unreasonable and vexatious manner may be required to satisfy, personally, the costs, expenses, and attorney's fees incurred because of such conduct. *See* 28 U.S.C. § 1927; *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992) (*Kotsilieris*). "Vexatious" has been interpreted to mean either subjective or objective bad faith, such as counsel who acted recklessly, counsel who raised baseless claims despite the notice of frivolous nature of the claims, or counsel who otherwise showed indifference to statutes, rules or court orders. *Kotsilieris*, 966 F.3d at 1183-85. Specifically, a party's failure to follow orders or directions of a court in a settlement context is grounds for sanctions. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 655-57 (7th Cir. 1989) (*Heileman*); *see also Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).

Here, Plaintiff did not comply with the Court's order, despite many opportunities. From the date of the deposition of Burnett, which Plaintiff considered integral, Plaintiff had twenty days to complete a revised damage analysis by March 31, 2004. Even after this deadline had passed, Plaintiff had fourteen more days until the settlement conference; and while Plaintiff contends "scheduling conflicts" led to delays, no notice was given to the Court or opposing counsel until after the settlement conference was rendered useless and the Defendant's president had expended the time and money to travel to attend the settlement conference.

Based on the above, sanctions pursuant to 28 U.S.C. § 1927 are granted.

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Hensley*). The amount of reasonable fees is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433.

After determining the reasonably expended hours, a court must determine a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Counsel seeking fees has the burden of proving the market rate. Once counsel establishes this rate, the burden shifts to the opposing party to demonstrate why the rate should be lower. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999) (*Spegon*).

An attorney's market rate is the rate that attorneys with similar experience and ability in the community normally charge their paying clients for the same type of work. *Spegon*, 175 F.3d at 555. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate.

Defendant seeks a total of $1,211.70 in costs and fees relating to the settlement conference. This amount includes one hour each of Alan Gilbert's and Steve Merouse's time for a total of $970.00, and the cost of Gleaner's president's round trip airfare to Chicago of $241.70.

Defendant has provided affidavits for both the attorney's rates and the airline ticket. These costs would not have been incurred absent the settlement conference and, as such, are recoverable. Based on the relative complexity of the conference, a reasonable amount of time spent preparing and attending is found to be two hours. The two hours sought by Gleaner are reasonable and are

awarded.

Gilbert supports his request of the hourly rate of $565.00 through an affidavit in which he avers that the $565.00 per hour is his billable hourly rate. He also avers that this rate is comparable to the hourly rate charged by lawyers within the firm of similar years of experience and within the Chicago legal community in general.

Merouse supports his request of $405.00 per hour through an affidavit in which he avers that the $405.00 per hour rate is the rate customarily charged by his firm for similar work performed by attorneys with similar skills and experience.

Plaintiff does not argue that the requested rates are above the prevailing market rates. The hourly rates of $565.00 and $405.00 are found to be reasonable.

Based on the above, Defendant is awarded $970.00 in attorneys' fees.

Defendant also seeks travel costs of $241.70 relating to bringing Michael Wade to the settlement conference. Defendant supports this claim with an attached receipt from Atlas World Travel. Plaintiff does not contend this amount to be incorrect but, rather, that granting it would be inappropriate, as it does not agree with sanctions being necessary. Such travel costs are reasonable and are awarded.

For the reasons stated above, Defendant's Motion for Sanctions is granted. Defendant is granted a total of $1,211.70 in attorneys' fees and costs.

Dated: June 30, 2004

JOHN W. DARRAH
United States District Judge

4